IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARK COLLINS, | ) | |
| | ) | |
| Plaintiff | ) | Civil Action File No. |
| vs. | ) | 1:12-cv-02021-RLV-ECS |
| | ) | |
| SOUTHWEST CREDIT SYSTEMS L.P., | ) | |
| AND DOES 1-10, INCLUSIVE, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**JOINT PRELIMINARY REPORT AND DISCOVERY SCHEDULE**

**1.     Description of Case:**

**(a) Describe briefly the nature of this action.**

Plaintiff contends that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.,* and the Georgia Fair Business Practices Act ("FBPA"), O.C.G.A. § 10-1-390, *et seq.*

**(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

**Plaintiff's Summary:**

At the end of 2011, Plaintiff moved to a new home and transferred his Comcast service from his old residence. When Defendant first contacted Plaintiff, Plaintiff disputed the existence of the Debt and verified with Comcast that the

account should not be in collection status.  Plaintiff alleges that he received numerous calls from Defendant and that the content of these conversations violated the law.

**Defendants' Summary:**

Plaintiff owes an unpaid account.  Defendant attempted to collect the unpaid amount from Plaintiff.  Defendant telephoned Plaintiff at his residence.  Defendant placed a telephone call to Plaintiff's residential number and they had a live conversation.  Plaintiff placed numerous calls to Defendant.   Plaintiff and Defendant do not agree on whether the content of live telephone conversation violated the law.

**(c) The legal issues to be tried are as follows:**

1) Whether Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3);

2) Whether Defendant was engaged in the collection of a "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5);

3) Whether Defendant violated FDCPA, 15 U.S.C. § 1692d;

4) Whether Defendant violated FDCPA, 15 U.S.C. § 1692d(2);

5) Whether Defendant violated FDCPA, 15 U.S.C. § 1692d(6);

6) Whether Defendant violated FDCPA, 15 U.S.C. § 1692e;

7) Whether Defendant violated FDCPA, 15 U.S.C. § 1692e(5);

8) Whether Defendant violated FDCPA, 15 U.S.C. § 1692e(8);

9) Whether Defendant violated FDCPA, 15 U.S.C. § 1692e(10);

10) Whether Defendant violated FDCPA, 15 U.S.C. § 1692e(14);

11) Whether Defendant violated FDCPA, 15 U.S.C. § 1692f;

12) Whether Defendant violated FDCPA, 15 U.S.C. § 1692g(a);

13) Whether the Plaintiff is entitled to actual damages pursuant to FDCPA, 15 U.S.C. § 1692k;

14) The amount of actual damages, if any, to be awarded to the Plaintiff;

15) Whether the Plaintiff is entitled to statutory damages pursuant to FDCPA, 15 U.S.C. § 1692k;

16) The amount of statutory damages, if any, to be awarded to the Plaintiff;

17) The amount of attorney's fees and costs to be awarded, if any, in this action pursuant to FDCPA, 15 U.S.C. §1692k;

18) Whether Plaintiff has been damaged;

19) Whether Plaintiff's account is a "debt" under the FDCPA; and

    20)    Whether Defendant was the cause of any damage asserted by Plaintiff.

**(d) The cases listed below (include both style and action number) are:**

    **(1) Pending Related Cases:**

None.

    **(2) Previously Adjudicated Related Cases:**

None.

**2.    This case is complex because it possesses one (1) or more of the features listed below (please check):**

This case is not complex.

   \_\_\_ **(1) Unusually large number of parties**

   \_\_\_ **(2) Unusually large number of claims or defenses**

   \_\_\_ **(3) Factual issues are exceptionally complex**

   \_\_\_ **(4) Greater than normal volume of evidence**

   \_\_\_ **(5) Extended discovery period is needed**

   \_\_\_ **(6) Problems locating or preserving evidence**

   \_\_\_ **(7) Pending parallel investigations or action by the government**

   \_\_\_ **(8) Multiple use of experts**

   \_\_\_ **(9) Need for discovery outside United States boundaries**

___ **(10) Existence of highly technical issues and proof**

**3.    Counsel:**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

    Plaintiff:                Cara Hergenroether
                                  Lemberg & Associates, LLC
                                  1400 Veterans Memorial Highway
                                  Suite 134, # 150
                                  Mableton, Georgia 30126
                                  Telephone: (855) 301-2100, ext. 5516
                                  Facsimile: (888) 953-6237
                                  chergenroether@lemberglaw.com

    Defendant:             Jonathan K. Aust
                                  Bedard Law Group, P.C.
                                  2810 Peachtree Industrial Blvd.
                                  Suite D
                                  Duluth, Georgia 30097
                                  Phone: (678) 253-1871, ext. 203
                                  Facsimile: (678) 253-1873
                                  jaust@bedardlawgroup.com

**4.    Jurisdiction:**

**Is there any question regarding this Court's jurisdiction?**

___Yes    **X** No.

**If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection.  When there are multiple claims,**

identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5.  **Parties to This Action:**

    (a) The following persons are necessary parties who have not been joined:

    None.

    (b) The following persons are improperly joined as parties:

    None.

    (c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

    None.

    (d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6.  **Amendments to the Pleadings:**

    Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15.  Further instructions regarding amendments are contained in LR 15.

**(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:**

None at this time.

**(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary planning report is filed or should have been filed will not be accepted for filing, unless otherwise permitted by law.**

**7.     Filing Times For Motions:**

**All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.**

**All other motions must be filed WITHIN THIRTY (30) DAYS after the preliminary planning report is filed or should have been filed, unless the filing party has obtained prior permission of the Court to file later.  Local Rule 7.1A(2).**

**(a) *Motions to Compel:*  before the close of discovery or within the extension period allowed in some instances.  Local Rules 37.1.**

**(b) *Summary Judgment Motions:*  within thirty (30) days after the close of discovery, unless otherwise permitted by Court order.  Local Rule 56.1.**

**(c)** *Other Limited Motions:*  **Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

**(d)** *Motions Objecting to Expert Testimony:* <u>**Daubert**</u> **motions with regard to expert testimony no later than the date that the proposed order is submitted. Refer to Local Rule 7.2F.**

**8.     Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects to that initial disclosures are not appropriate, state the party and basis for the party's objection.**

The parties do not object to serving initial disclosures.

**9.     Request for Scheduling Conference:**

**Does either party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

Not at this time.

**10.    Discovery Period:**

**The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2,**

**responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

**<u>Plaintiff:</u>**

Defendant's debt collection file, servicing records, call and letter records, proof of ownership of the alleged debt or proof that alleged debt was transferred to the Defendant for collection, and any defenses raised by the Defendant.

**<u>Defendant:</u>**

Plaintiff's medical history and medical records. The identity of all persons with knowledge of the facts alleged in the complaint. Plaintiff's alleged damages. All communication between Plaintiff and Defendant. The identity of all persons with whom Plaintiff has disclosed the existence of the debt or any facts asserted in

the complaint.  Any and all communication between Plaintiff and Comcast, including a "chat log."  Plaintiff's telephone records.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery, please state those reasons in detail below:**

At this time, the parties do not anticipate the need for additional time. The parties request the right to seek leave of the Court to extend the Discovery period if necessary.  Currently, discovery is scheduled to end on December 14, 2012**.**

**11.   Discovery Limitations and Discovery of Electronically Stored Information:**

**(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.**

None at this time.

**(b) Is any party seeking discovery of electronically stored information?**

**X  Yes        _____ No**

**If "yes,"**

**(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of**

**production (e.g., accessibility, search terms, data limitations, or key witnesses) as follows:**

Discussions are on-going.

**(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

Discussions are on-going.

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

**12.    Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16 (b) and (c)?**

Defendant asserts the need for a protective order to be entered by the Court to protect against public disclosure of certain confidential and proprietary information which the Defendant anticipates will be requested by the Plaintiff in discovery.

**13. Settlement Potential:**

(a) **Lead counsel for Plaintiff and Defendant certify by their signatures below that they conducted a Rule 26(f) conference that was held on August 16, 2012, via telephone, and that they participated in settlement discussions.**

    **For Plaintiff:**    Lead counsel (signatures):

                            /s/ Cara Hergenroether
                            Cara Hergenroether

    **For Defendant:**    /s/ Jonathan K. Aust
                            Jonathan K. Aust

(b) **All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

( X ) **A possibility of settlement before discovery.**

( X ) **A possibility of settlement after discovery.**

(__) **A possibility of settlement, but a conference with the judge is needed.**

(__) **No possibility of settlement.**

(c) **Counsel ( X ) do or (____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is to be determined.**

**(d) The following specific problems have created a hindrance to settlement of this case.**

None.

**14.   Trial by Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

**(a) The parties (__) do consent to having this case tried before a magistrate judge of this Court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the Clerk of Court.**

**(b) The parties  (X) do not consent to having this case tried before a magistrate judge of this Court.**

**Dated: August 16, 2012.**

**LEMBERG & ASSOCIATES, LLC**

By:   /s/ Cara Hergenroether
      Cara Hergenroether
      Lemberg & Associates, LLC
      1400 Veterans Memorial Highway
      Suite 134, # 150
      Mableton, Georgia 30126
      Telephone: (855) 301-2100, ext. 5516
      Facsimile: (888) 953-627

- 14 -

*Counsel for Plaintiff*

**BEDARD LAW GROUP, P.C.**

By:  /s/ Jonathan K. Aust
 Jonathan K. Aust
 Georgia Bar No. 448584
 2810 Peachtree Industrial Blvd.,
 Suite D
 Duluth, Georgia 30097
 Telephone: (678) 253-1871, ext. 203
 Facsimile: (678) 253-1873
 jaust@bedardlawgroup.com

 *Counsel for Defendant*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MARK COLLINS,               )<br>                                              )<br>     Plaintiff                      )<br>vs.                                         )<br>                                              )<br>SOUTHWEST CREDIT SYSTEMS L.P.,   )<br>AND DOES 1-10, INCLUSIVE,  )<br>                                              )<br>     Defendants.               )<br>_____) | Civil Action File No.<br>1:12-cv-02021-RLV-ECS |

**\* \* \* \* \***
## SCHEDULING ORDER

Upon review of the information contained in the Preliminary Report and Discovery Schedule, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as stated in the above completed form, except as herein modified:

Discovery shall end December14, 2012.

**IT IS SO ORDERED**, this _____ day of _____, 2012.

_____
**UNITED STATES DISTRICT JUDGE**